**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RICHARD RAMON CALDERA BELMONTE,

Petitioner,

v. No. 1:26-cv-00878-MLG-JFR

GEORGE DEDOS, in His Official Capacity
as Warden, Cibola County Correctional Center, et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**
**AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Richard Ramon Caldera Belmonte's Petition for Writ of Habeas Corpus ("Petition"), Doc. 2. Caldera Belmonte challenges his continued immigration detention without a bond hearing and seeks immediate release. *Id.* at 2, 7, 19; *see also id.* at 19 (requesting related declarative and injunctive relief). Federal Respondents[1] do not contest that Caldera Belmonte was released on his own recognizance[2] after he entered the United States in September 2023 and that he was later re-arrested on July 29, 2025, while on his way to work. *Compare id.* at 1-2, 5 ("Under section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulation, respondents released the

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than George Dedos, Warden of Cibola County Correctional Center.

[2] Release on recognizance is a form of conditional parole authorized by 8 U.S.C. § 1226(a). *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) (explaining that the federal government "use[s] the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)"); *Gomes v. Hyde*, 804 F. Supp. 3d 265, 269 (D. Mass. 2025) ("[T]he government may release a noncitizen detained under Section 1226(a) on an Order of Recognizance, which is a form of conditional parole.").

petitioner into the United States based on Petitioner's individual facts and circumstances."), *and* *id.* at 34, *with* Doc. 5.

Given these facts, and because there is no indication that Caldera Belmonte (1) is being held pursuant to 8 U.S.C. § 1226(c), or (2) has an administratively final order of removal, the Court concludes § 1226(a) governs his detention.[3] *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)"); *Diallo v. Orozco*, No. 2:26-cv-00066-MLG-JHR, 2026 WL 608746, at *2 (D.N.M. Mar. 4, 2026) (concluding that a petitioner who had been released on his own recognizance was necessarily subject to § 1226(a)). Caldera Belmonte's detention without a bond hearing therefore constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See Diallo*, 2026 WL 608746, at *3-4 (employing

[3] Caldera Belmonte avers "on August 15, 2025, the Respondent placed the Petitioner in expedited removal proceedings . . . fail[ing] to provide the Petitioner with due process, including the opportunity to be heard prior to his arrest and detention." Doc. 2 at 6. Detention is mandatory for noncitizens in expedited removal proceedings. *See* § 1225(b)(1)(B)(iii)(IV). Expedited removal orders, however, are only issued to noncitizens who are either (1) "arriving in the United States" or (2) "ha[ve] not been admitted or paroled into the United States, and who ha[ve] not affirmatively shown, to the satisfaction of an immigration officer, that the[y] [have] been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility[,]" *and* are inadmissible under § 1182(a)(6)(C) or § 1182(a)(7). § 1225(b)(1)(A)(i), (iii). The Parties' briefing does not suggest Caldera Belmonte was, in fact, placed under expedited removal proceedings within the meaning of § 1225(b)(1). *See, e.g.,* Doc. 2 at 32 (declaring Caldera Belmonte subject to removal from the United States pursuant to § 1182(a)(6)(A)(i), not § 1182(a)(6)(C) or § 1182 (a)(7)); *id.* at 13 ("Here, on information and belief, Petitioner was not advised by the Respondent of any intent to reclassify the § 1229a proceedings mentioned in the previously issued NTA, nor of the decision to place him in expedited removal."); Doc. 5 at 1 (determining "that the legal issues presented concern the statutory authority of ICE's detention of Petitioner under 8 U.S.C. §§ 1225(b)(2)(A) or 1226(a)," not § 1225(b)(1)); *id.* at 1-2 ("It is Respondents' position that Petitioner is correctly classified as an 'applicant for admission' under Section 1225(b)(2)(A)[,]" but that this Court has recently concluded that § 1226 applies "on facts substantially similar to those currently before the Court").

the *Mathews v. Eldridge*[4] balancing test and holding that failure to provide a pre-deprivation hearing to a petitioner initially released on his own recognizance pursuant to § 1226(a)(2) constitutes a due process violation).

In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy for the due process violation in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *Diallo*, 2026 WL 608746, at *4-5 (ordering immediate release of a petitioner who had been released on his own recognizance and was then re-detained without first receiving a pre-deprivation hearing); *Sosa v. De Anda-Ybarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than a bond hearing); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [the petitioner] has been taken into custody [and erroneously detained under a mandatory detention provision], cannot make up for the lack of an initial, individualized determination process by ICE.").

It is hereby ordered:

1. Respondents must immediately release (no later than four-eight hours from this Order's filing) Caldera Belmonte from custody.
2. Upon Caldera Belmonte's release, Respondents must return all of his property, including any identification documentation that was in his possession when he was detained.

---

[4] 424 U.S. 319, 335 (1976).

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA